IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ZHEJIANG WAFA**
**ECOSYSTEM SCIENCE &**
**TECHNOLOGY CO., LTD.**
**(WAFA),**

          Plaintiff,

   v.

**TRELLIS EARTH PRODUCTS,**
**INC.,**

          Defendant.

No. 3:15-cv-01869-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Defendant Trellis Earth Products, Inc. moves this court to dismiss Plaintiff Zhejiang Wafa Ecosystem Science & Technology Co., Ltd. (WAFA)'s action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Trellis moves for an order that WAFA make a more definite statement of its claim under Federal Rule of Civil Procedure 12(e). For the reasons set forth below, Defendant Trellis's motion [10] is GRANTED in part as to the motion for a more definite statement and DENIED in part as to the motion to dismiss.

## DISCUSSION

    Federal Rule of Civil Procedure 8 requires that complaints in federal court consist of "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Pleadings need not contain detailed factual allegations, but the plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atl. Corp.*

1 – ORDER

*v. Twombly,* 550 U.S. 544, 545 (2007). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must provide the grounds of his entitlement to relief. *Id.*

In addition to a Rule 12(b)(6) motion to dismiss, "a motion for more definite statement is an alternative device to clarify an otherwise vague and indefinite claim." *Fauley v. Washington Mut. Bank FA*, 2014 WL 1217852, at *3 (D. Or. Mar. 21, 2014) (citation omitted). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party "must point out the defects complained of and the details desired." *Id.*; *see also Bautista v. L.A. Cnty.,* 216 F.3d 837, 843 n. 1 (9th Cir. 2000) (stating that a party may seek a more definite statement by "pointing out" this information). Whether to grant a motion for a more definite statement is generally left to the district court's discretion. *Sheffield v. Orius Corp.,* 211 F.R.D. 411, 414 (D. Or. 2002).

Here, Plaintiff WAFA alleges a claim for "Goods Sold and Accepted" and only provides a single sentence so short that it will be quoted here in its entirety:

> Defendant TEP owes Plaintiff WAFA $1,642,874.61 for goods sold to and accepted by Defendant TEP, plus interest of $940,611.09 accruing pursuant to the terms and conditions of sale.

(Pl. Complaint [1] at 2.) This sentence is not remotely enough to be considered an adequately stated claim in federal court. While it is true that Rule 8 requires that a complaint include "a short and plain statement" of each claim, the complaint must also put the defendants on sufficient notice of the allegations against them. Fed. R. Civ. P. 8(a)(2). In its response, Plaintiff focuses too much on the former and not enough on the latter. While I appreciate brevity in briefing, it must not come at the expense of allowing the opposing party to prepare an adequate defense. Indeed, I find it ironic that WAFA writes a five-page brief to justify the adequacy of a claim that

was supported by a single sentence.

In order to survive a Rule 12(b)(6) motion to dismiss going forward, WAFA would do well to adhere to the general rules of pleading as set forth in Rule 8 and in extensive case law. For purposes of this claim, WAFA should consider alleging facts identifying what goods were sold to and accepted by Trellis and when these events occurred; what the price and quantity of the goods were; and where the goods were delivered. Furthermore, WAFA should state a specific cause of action demonstrating that it is entitled to relief.

## CONCLUSION

Defendant Trellis Earth Products, Inc.'s Motion to Dismiss and Motion for a More Definite Statement [10] is GRANTED in part as to the motion for a more definite statement and DENIED in part as to the motion to dismiss. Plaintiff WAFA is to file an amended complaint within 14 days of this ORDER.

DATED this   21st   day of December, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

3 – ORDER